## MAYFIELD v. HUSTAD et al.
### No. 8927.

Court of Civil Appeals of Texas. San Antonio.

Dec. 14, 1932.

Rehearing Denied Jan. 25, 1933.

R. T. Pritchett, of Corpus Christi, for plaintiff in error.

E. B. & Howell Ward, of Corpus Christi, for defendants in error.

FLY, C. J.

Plaintiff in error sued J. C. Hustad and the City National Bank & Trust Company of Corpus Christi, and Kosar & Kosar, a partnership for $1,000 held in escrow by said bank. It was alleged by plaintiff in error that he and Hustad entered into a contract for the sale by plaintiff in error to Hustad of a certain lot in the city of Corpus Christi, under the terms of which plaintiff in error was to furnish an abstract of title satisfactory to his attorney, and when such abstract was furnished, and deed given to the land, Hustad bound himself to pay plaintiff in error the sum of $5,000 in cash, and assume the payment of three promissory notes executed by plaintiff in error amounting in the aggregate to $5,000, and he was also to deposit with the City National Bank, afterwards succeeded by the City Bank & Trust Company, the

sum of $1,000 as liquidated damages. Hustad made the deposit.

The first proposition is as follows: "The Trial Court should have rendered judgment in favor of plaintiff-in-error, because, if the X Company did dedicate the Street S in Y Subdivision to C City and the X Company conveyed by warranty deed all the Y Subdivision, without restriction or reservation of title whatsoever, before C City abandoned Street S, then afterwards C City abandoned Street S and M acquired the title to the abandoned Street S held by the holders of record fee simple title to the lots abutting both sides of the abandoned Street S at the time of abandonment, then M holds merchantable record title to the abandoned Street S."

The proposition is not only unique but suggestive of an attempt to conceal from all but the initiated, the cryptic meanings of a secret society. It is about as plain and obvious as the newspaper names and designations of baseball and football teams are to an untutored layman, struggling to ascertain the result of a game. The abbreviations show such economy of time and space as would arouse envy in the breast of the most thrifty, typical Scotchman. The court has no key to the mystical letters used, and has not the time to look through pleadings, voluminous and tedious, to arrive at the identity of the parties and places described by letters. The proposition is too obscure for consideration.

The second and only remaining proposition is not obscure, but is long and so involved as to be unintelligible. It may be said that it assumes the existence of facts not sustained by the statement, which clearly indicates that the abstract did not show a merchantable title, and that Hustad was justified in refusing to pay for the land.

The judgment is affirmed.